UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SANTOS VELEZ,

                                Plaintiff,

      vs.                                                                 9:05-CV-342 (LEK/GJD)

M.T. GULDAN, DDS, et al.,

                                Defendants.
_____

SANTOS VELEZ
Plaintiff pro se

JAIME IRENE ROTH, Asst. Attorney General
Attorney for Defendants

GUSTAVE J. DI BIANCO, Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

     This matter has been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

     In this amended civil rights complaint, plaintiff alleges constitutionally inadequate dental care in violation of the Eighth Amendment. (Dkt. No. 22). Presently before the court is defendants' motion to dismiss the amended complaint due to plaintiff's failure to obey an order of the court dated February 22, 2006. (Dkt. No. 23). In the alternative, defendants have requested that plaintiff be ordered to serve the proper amended complaint, and that defendants be afforded additional time to answer the amended complaint. Plaintiff has responded in opposition to the motion. (Dkt. No. 28). For the following reasons, this court will not recommend dismissal of the

complaint, but will afford defendants additional time to respond to the amended complaint.

## DISCUSSION

On June 3, 2005, plaintiff filed a motion to amend his complaint. (Dkt. No. 9). On August 1, 2005, plaintiff filed another motion to amend his complaint. (Dkt. No. 16). Plaintiff filed different proposed amended complaints with each motion. On February 22, 2006, I considered both motions, denied the first motion to amend, and granted the second motion to amend. (Dkt. No. 21). I found that the proposed amended complaint submitted with the first motion to amend did not comply with FED. R. CIV. P. 8 and 10, but that the proposed amended complaint submitted with the second motion to amend clarified the allegations in the original complaint and complied with the federal rules of pleading. (Dkt. No. 21 at p.4).

I ordered the Clerk to file the second proposed amended complaint and ordered plaintiff to serve a copy of the approved amended complaint on defense counsel within thirty days of my order. *Id.* I also ordered defendants to answer the amended complaint within thirty days of the service of the amended complaint. *Id.* On April 12, 2006, defendants filed this motion to dismiss. (Dkt. No. 23).

In their motion, defendants state that although plaintiff served *an amended complaint* on defendants, *it did not match the amended complaint that was approved and filed by the court*. Defendants have submitted a copy of the complaint that plaintiff served on defendants and a copy of the amended complaint that is filed with the court. Defendants' Exhs. A & B. Although defendants state that plaintiff made "material changes" to the amended complaint that was served on defendants, it

2

appears that plaintiff re-wrote the amended complaint, and forgot to include the "Causes of Action" and "Prayer for Relief" sections of the amended complaint. Plaintiff also failed to send copies of the exhibits with the amended complaint that he served on defendants. It does *not* appear that plaintiff made "*material changes*" to the body of the amended complaint.

Plaintiff has responded in opposition to defendants motion to dismiss, acknowledges that he sent defendants the wrong amended complaint, and acknowledges that he forgot to send the defendants the exhibits that were attached to the court-approved amended complaint. (Dkt. No. 28). Plaintiff states that as soon as he realized his error, he sent defense counsel a copy of the approved amended complaint. Plaintiff asks that the court be lenient with him and allow him to correct his errors.

Defense counsel has *not* acknowledged that he received a copy of the proper amended complaint. Based on the leniency that pro se plaintiffs must be afforded,[1] this court will *not recommend dismissing* plaintiff's amended complaint. The court will also deny defendants' alternative request that the court order plaintiff to serve the proper amended complaint because plaintiff has stated in his response that he has already done so.[2] Defendants may have thirty (30) days from the date of this order to answer the amended complaint.

**WHEREFORE**, based on the findings above, it is

---

[1] *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[2] If plaintiff has not served the court-approved amended complaint, defense counsel shall *immediately* inform the court.

3

**RECOMMENDED**, that defendants' motion to dismiss plaintiffs' amended complaint (Dkt. No. 23) be **DENIED**, and it is further

**ORDERED**, that defendants' motion requesting, in the alternative, that the court order plaintiff to serve the proper amended complaint (Dkt. No. 23) is **DENIED AS MOOT**, and it is further

**ORDERED**, that defendants have **THIRTY (30) DAYS** from the date of this order to file their answer to the amended complaint.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: October 11, 2006

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge